IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03091-BNB

MATTHEW RYAN SHERMAN,

    Plaintiff,

v.

N. P. KLENIKE,
MD CREANY,
HSA DOLORES MONTOYA,
WARDEN TEMMEE,
CHP (DOC Insurance Company, Medical),
MENTAL HEALTH DEPARTMENT,
DOC MAIL ROOM STAFF, and
ANY UNFORESEEN DEFENDANTS,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, Matthew Ryan Sherman, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado.  Mr. Sherman filed *pro se* an amended prisoner complaint pursuant to 42 U.S.C. § 1983.  He asks for money damages and injunctive relief.  He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court must construe Mr. Sherman's filings liberally because he is representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the *pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Sherman will be directed to file a second amended complaint.

Mr. Sherman asserts four claims. He alleges deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights based on his disagreement with the medical treatment he received for a hernia (claim one). He asserts the denial of due process of law by being denied surgery by the DOC's insurance company (claim two). He complains that after he informed mail room staff he was suing the DOC because of his medical treatment, mail room staff excessively screened his mail in violation of his free speech rights (claim three). Finally, he complains that he was terminated from the Sex Offender Treatment program as a result of the denial of medical care (claim four).

Mr. Sherman is suing an improper party. He may not sue the State of Colorado or its entities, such as the mental health department of the Fremont Correctional Facility. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), overrruled on other grounds by *Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state

and its agencies, regardless of the relief sought.  *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

In addition, the amended complaint Mr. Sherman filed is hard to read because it is single-spaced and his handwriting is largely illegilble.  Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible.  *See* D.C.COLO.LCivR 10.1E. and G.  The second amended complaint Mr. Sherman is be directed to file, if handwritten, shall be double-spaced and written legibly, in capital and lower-case letters.

Mr. Sherman's amended complaint also fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading

rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Sherman to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Sherman fails to set forth a short and plain statement of his claims showing that he is entitled to relief. The amended complaint is unnecessarily wordy, repetitive, and vague. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* Therefore, Mr. Sherman will be directed to file a second amended complaint that complies with the pleading requirements of Rule 8. It is Mr. Sherman's responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. The second amended complaint must provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

In the second amended complaint, Mr. Sherman must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Sherman show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure

4

to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Sherman may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Sherman uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Sherman, therefore, will be directed to file a second amended complaint on the Court-approved complaint form that sues the proper parties, asserts his claims clearly and concisely, alleges what rights were violated, and provides specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Plaintiff, Matthew Ryan Sherman, file **within thirty (30) days from the date of this order** a second amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that Mr. Sherman shall obtain the Court-approved Prisoner Complaint form (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Sherman fails to file a second amended complaint that complies with this order within the time allowed, the Court will dismiss the amended complaint and the action without further notice.

DATED January 31, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge