IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03091-BNB

MATTHEW RYAN SHERMAN,

    Plaintiff,

v.

N. P. KLENIKE,
TIMOTHY CREANY, M.D.,
DOLORES MONTOYA, H.S.A.,
STEPHEN KREBS, M.D.,
CORRECTIONAL HEALTH PARTNERS, and
JOHN DOE,

    Defendants.

## ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION

    Plaintiff, Matthew Ryan Sherman, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Sherman has filed *pro se* an amended prisoner complaint pursuant to 42 U.S.C. § 1983. On April 6, 2012, he also filed a motion titled "Motion for a Preliminary Injunction" (ECF No. 23).

    In the April 6 motion, Mr. Sherman complains about the medical treatment he has received from Defendant William Klenke, a prison nurse practitioner, for nerve pain in his left leg resulting from a 2001 injury and for a cyst on his face. He asks to be treated by a different nurse practitioner who has provided him with medical care in the past and is familiar with his medical needs. He further alleges he is eligible for parole in October 2012, and needs to be in medical treatment to be recommended for parole.

The Court must construe the motion liberally because Mr. Sherman is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b).

A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Mr. Sherman is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

Mr. Sherman does not demonstrate a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest. Therefore, the motion for injunctive relief will be denied.

Accordingly, it is

ORDERED that the motion titled "Motion for a Preliminary Injunction" (ECF No. 23) that Plaintiff, Matthew Ryan Sherman, submitted to and filed with the Court *pro se* on April 6, 2012, is denied.

DATED at Denver, Colorado, this __12__ day of __April__, 2012.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK
Senior Judge, United States District Court