IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

| | |
|---|---|
| **Civil Action: 11-cv-03091-PAB-CBS** | FTR - Reporter Deck-Courtroom A402 |
| **Date: February 1, 2013** | Courtroom Deputy: Robin Mason |

*Parties:*  

MATTHEW RYAN SHERMAN,

    Plaintiff,

v.

WILLIAM KLENKE, *et al*.,

    Defendants.

*Counsel:*

*Pro Se (appearing by telephone)*




Kristin A. Ruiz
James Ryan Johnson

**COURTROOM MINUTES/RECOMMENDATION PURSUANT TO RULE 72(B)**

**HEARING:   MOTION HEARING**
**Court in Session:      1:32 p.m.**
Court calls case.  Appearances of counsel.

The court addresses the parties regarding the defendant's MOTION to Dismiss Plaintiff's Third Amended Complaint (Docket No. 46, filed on 6/14/2012), the plaintiff's RESPONSE to #46 MOTION to Dismiss Plaintiff's Third Amended Complaint from Correctional Health Partners (Docket No. 65, filed on 8/6/2012), the defendant's REPLY to Response to #46 MOTION to Dismiss Plaintiff's Third Amended Complaint (Docket No. 68, filed on 8/20/2012), the defendant's MOTION to Dismiss (Docket No. 52, filed on 7/9/2012), the plaintiff's RESPONSE to #52 MOTION to Dismiss from State Defendants and Defendant Krebs (Docket No. 64, filed on 8/6/2012), and the defendant's REPLY to Response to #52 MOTION to Dismiss (Docket No. 72, filed on 8/27/2012).

The court informs the parties that it would like to start with the defendant's MOTION to Dismiss Plaintiff's Third Amended Complaint (Docket No. 46, filed on 6/14/2012).

Mr. Johnson presents oral argument and engages in discussion with court.

Discussion between the court and Mr. Sherman regarding his RESPONSE to #46 MOTION to Dismiss Plaintiff's Third Amended Complaint from Correctional Health Partners (Docket No. 65, filed on 8/6/2012), the claims and allegations in his filed second and third amended complaints (Docket No. 22, filed on 3/19/2012 and Docket No. 24, filed on 4/6/2012), and Rule 8. The court cites related U.S. Supreme Court decisions and relevant case law.

| | |
|---|---|
| 1:47 p.m. | The plaintiff's phone call dropped off. The court makes attempts to get Mr. Sherman back on the line. |
| 1:55 p.m. | The plaintiff is back on the line with the court. |

The court continues its discussion with Mr. Sherman regarding his claims and allegations in his second and third amended complaints (Docket No. 22, filed on 3/19/2012 and Docket No. 24, filed on 4/6/2012). The court informs Mr. Sherman that his third amended complaint does not adequately allege a plausible claim against Doctor Krebs and CHP (Colorado Heath Partners) under the Eighth Amendment. The court does not believe that sufficient facts have been alleged to demonstrate that Dr. Krebs was deliberately indifferent. The court does not feel that Mr. Sherman has properly asserted a claim against Doctor Krebs or Colorado Heath Partners under the Eighth Amendment nor does the court believe that Mr. Sherman has properly alleged a claim for negligence. The court informs Mr. Sherman that it cannot let his negligence claim go forward in the absence of the statutorily mandated certificate of review (Colorado Revised Statute § 13-20-602).

The court informs the parties that it would like to move next to the defendant's MOTION to Dismiss (Docket No. 52, filed on 7/9/2012).

Ms. Ruiz presents oral argument and engages in discussion with court.

Discussion between the court and Mr. Sherman regarding his RESPONSE to #52 MOTION to Dismiss from State Defendants and Defendant Krebs (Docket No. 64, filed on 8/6/2012).

Discussion between the court, Mr. Sherman, and Ms. Ruiz regarding the plaintiff's proposed fourth amended complaint (Docket No. 63, filed on 8/6/2012).

For reasons as stated on the record,

**ORDERED:** The court **GRANTS** the plaintiff's MOTION to Amend/Correct/Modify [24] Amended Complaint (Docket No. 63, filed on 8/6/2012). The plaintiff's fourth amended complaint shall be accepted for filing subject to the following modifications: the court shall allow the forth amended complaint to be filed to the extent that it encompasses an Eighth Amendment claim against defendant William Klenke, N.P. and defendant Dolores Montoya, H.S.A. based upon their alleged failure to provide or change Mr. Sherman's medication. On that narrow basis, the court shall accept the fourth amended complaint for filing and will allow these specific claims against those specific defendants to move forward.

Discussion between the court and the parties regarding the defendant's two motions to dismiss and

Rule 12(b)(6). The court informs the parties that it intends to makes it recommendations on the defendants' motions to dismiss from the bench. The court cites related U.S. Supreme Court decisions and relevant case law.

**ORDERED:** The court wants a transcription prepared of this hearing and filed on CM/ECF. Once the transcript has been filed on CM/ECF, a copy of that transcript shall be mailed out to the plaintiff. The court informs the parties that they will have fourteen days, thereafter, to appeal the court's ruling. (The court shall specify, by order, a date by which the parties have to file their Rule 72 objections).

As stated on the record,

Mr. Sherman has alleged facts which reasonably support a plausible contention that both Mr. Klenke and Ms. Montoya were aware that Mr. Sherman was not getting the medication that he felt was appropriate and that Mr. Sherman was not getting the medication that his specialist (a doctor that he had been sent to see) felt was appropriate. It appears that Mr. Sherman's repeated requests for stronger medication were simply denied. On that basis, the court recommends that this narrow Eighth Amendment claim against defendants Klenke and Montoya proceed. However, the only allegation that the court can find with respect to Dr. Creany is that he reviewed and denied a grievance and that, in the court's view, fails to support a claim under the Eighth Amendment with respect to Dr. Creany in every respect. On the same basis, the court finds that the plaintiff's third and fourth amended complaint do not properly allege a claim against Dr. Krebs and Correctional Health Partners either under the Eighth Amendment nor under the Colorado Common Law on negligence. The court further finds that Mr. Sherman has not provided the required certificate of review. The court is recommending that Mr. Sherman be allowed 30 days to provide the necessary certificate of review.

The court stated, from the bench, its findings and legal basis for its recommendation. As stated on the record, **the court hereby recommends that the Motion to Dismiss (Docket No. 46, filed on 6/14/2012) be granted in part and denied in part and the Motion to Dismiss (Docket No. 52, filed on 7/9/2012) be granted in part and denied in part. The court recommends that Claim Two of the Fourth Amended Complaint be dismissed with prejudice as against Defendant Creany; that Claim Three be dismissed with prejudice; that if Mr. Sherman has not submitted the required certificate of review by March 6, 2013, Claim Four be dismissed with prejudice; that Claim One be allowed to proceed against Defendant Klenke in part based on denial of pain medication, and Claim Two be allowed to proceed against Defendant Montoya in part based on denial of pain medication.**

Discussion between the court and Mr. Sherman regarding the courts recommendations, Mr. Sherman's claims, and Mr. Sherman wanting to renew his motion for appointment of counsel.

2:37 p.m.    The plaintiff's phone call dropped off.

Discussion between the court and Ms. Ruiz regarding the plaintiff's claims and allegations and whether or not her clients may be open to settlement discussions.

2:41 p.m.        The court gets Mr. Sherman back on the line.

The court updates Mr. Sherman regarding the conversation between the court and Ms. Ruiz while he was disconnected from the hearing. Discussion between the court and Mr. Sherman regarding his claims and allegations, possibly engaging in settlement discussions, and the court attempting to determine if Mr. Sherman is looking to have his day in court or if he wants to achieve some monetary compensation. The court informs Mr. Sherman that he will need to think about how he wants to proceed with this case (settlement verses going to trial) and then move forward accordingly.

Further discussion between the court and Mr. Sherman regarding seeking counsel to represent him. The court informs Mr. Sherman that it can put his name on the list but that the court generally waits until it knows if the case will go to trial; at this point the court is unable to make that determination in this case. The court explains the process to Mr. Sherman. The court informs Mr. Sherman that he is free to file a motion making his request but for reasons stated on the record, at this time such motion is likely to be denied without prejudice.

HEARING CONCLUDED.

**Court in recess**:        **2:52 p.m.**
Total time in court:    01:20

To order transcripts of hearings with Magistrate Judge Shaffer, please contact Avery Woods Reporting at (303) 825-6119 or toll free at 1-800-962-3345.