IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-03091-PAB-CBS

MATTHEW RYAN SHERMAN

    Plaintiff,

v.

WILLIAM KLENKE, N.P.,
TIMOTHY CREANY, M.D.,
DOLORES MONTOYA, H.S.A.,
STEPHEN KREBS, M.D.,
CORRECTIONAL HEALTH PARTNERS, and
JOHN DOE,

    Defendants.

## ORDER

This matter is before the Court on the Motion to Clarify Motion for Preliminary Injunction Pursuant to Rule 59(e) [Docket No. 37] filed by plaintiff Matthew Ryan Sherman.[1] Mr. Sherman is a prisoner in the custody of the Colorado Department of Corrections ("DOC") who is currently incarcerated at the Fremont Correctional Facility in Canon City, Colorado. On April 6, 2012, Mr. Sherman filed a preliminary injunction motion seeking an order enjoining defendant William Klenke, a prison nurse

---

[1] In light of plaintiff's pro se status, the Court reviews his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991). The Court construes the motion to reconsider liberally as "an interlocutory motion invoking the [Court's] general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment." *Wagoner v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir. 1991).

practitioner, from providing Mr. Sherman's medical care. See Docket No. 23. Specifically, Mr. Sherman sought an order from the Court directing the DOC to appoint a different nurse practitioner to provide his medical care.

On April 12, 2012, the magistrate judge denied Mr. Sherman's motion [Docket No. 26] for failure to satisfy the preliminary injunction standard.[2] Docket No. 26 at 3. In the present motion, Mr. Sherman argues that he is entitled to a preliminary injunction because: (1) he has a substantial likelihood of success on the merits; (2) he is likely to suffer irreparable harm in the form of needless pain and suffering; (3) the equities weigh in his favor; and (4) the preliminary injunction serves the public interest. Docket No. 37 at 3.

The Court finds that Mr. Sherman fails to demonstrate that he is entitled to preliminary injunctive relief. Because Mr. Sherman seeks a mandatory preliminary injunction, which "requires the nonmoving party to take affirmative action," he is required "to make a heightened showing of the four factors." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208-09 (10th Cir. 2009).

With respect to success on the merits, Mr. Sherman's vague and conclusory allegations regarding Mr. Klenke's refusal to provide him with medical treatment do not demonstrate that Mr. Klenke's actions were retaliation for Mr. Sherman's grievance. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (finding that plaintiff

---

[2]To obtain a preliminary injunction, Mr. Sherman must demonstrate four factors: "(1) a likelihood of success on the merits; (2) a likelihood that [he] will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in [his] favor; and (4) that the injunction is in the public interest." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).

must show that the adverse action was taken because of the exercise of his constitutional rights). Moreover, Mr. Sherman's allegations that Mr. Klenke refused to provide prescriptions previously recommended by Mr. Gallegos do not sufficiently establish that Mr. Sherman has a likelihood of success on his Eighth Amendment claim. *See Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006) ("a prison doctor remains free to exercise his or her independent professional judgment and an inmate is not entitled to any particular course of treatment."); *Green v. Branson*, 108 F.3d 1296, 1304 (10th Cir. 1997) (finding that, to raise an Eighth Amendment claim, plaintiff needs to allege a deliberate refusal to provide medical treatment, "as opposed to a particular course of treatment"); *Whitington v. Ortiz*, 307 F. App'x 179 (10th Cir. 2009) (unpublished) (affirming district court's denial of prisoner's motion for a preliminary injunction based on similar allegations where prisoner's right to relief was unclear).

With respect to irreparable harm, a showing of "irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004). To constitute irreparable harm, "an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). Mr. Sherman contends that he will "endure needless pain and suffering" as a result of Mr. Klenke's alleged refusal to provide him with prescription medication. Docket No. 37 at 3. Mr. Sherman also argues that, because of his deficient medical treatment, he was unable to complete a sex offender program. *Id*. at 3-4. Although Mr. Sherman alleges that his ability to participate in the sex

offender program was hampered by his medical condition, Mr. Sherman does not show that his inability to gain entrance in the sex offender program was based on Mr. Klenke's alleged conduct.  Moreover, should Mr. Sherman succeed on the merits of his Eighth Amendment claim, he may request the medical treatment he deems necessary as a remedy.  Thus, because Mr. Sherman can participate in the sex offender program at a later date and Mr. Sherman does not allege that Mr. Klenke's alleged deprivation of medical treatment will result "in a lifelong handicap or a permanent loss," *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999), the Court concludes that Mr. Sherman fails to demonstrate an irreparable injury as is required to impose disfavored injunctive relief in this matter.  *See Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1250 (10th Cir. 2001) (noting that preliminary injunction is warranted when "the district court cannot remedy [harm] following a final determination on the merits"); *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1267 (10th Cir. 2005) (even "serious or substantial harm is not irreparable harm"); *Edmisten v. Werholtz*, 287 F. App'x 728, 734 (10th Cir. 2008) (finding irreparable harm based on plaintiff's allegations that, without replacement of his prosthesis, he lost all movement in his jaw and there was an increasing risk that replacing his prosthesis could not be performed at a later date).

Finally, Mr. Sherman has not shown that his threatened injuries outweigh the harm to the DOC caused by the disruption of prison function, namely, forcing the DOC to provide plaintiff with a different nurse practitioner.  *See Turner v. Safley*, 482 U.S. 78, 90 (1987) (it is well-established that prison management functions should generally be

left to the discretion of prison administrators to enable them to manage prisons safely and effectively).

Accordingly, it is

**ORDERED** that the Motion to Clarify Prior, Confusing Motion for Preliminary Injunction and to Amend Judgment Pursuant to Rule 59(e) [Docket No. 37] is **DENIED**.

DATED February 15, 2013.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge