IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Craig B. Shaffer**

| | |
|---|---|
| Civil Action:   11-cv-03091-PAB-CBS | FTR - Reporter Deck - Courtroom A402 |
| Date:             October 29, 2013 | Courtroom Deputy:    Courtni Covington |

*Parties:*                                                              *Counsel:*

MATTHEW RYAN SHERMAN,                        *Pro Se (appearing by telephone)*

      Plaintiff,

v.

WILLIAM KLENKE, *et al.*,                                  James X. Quinn
                                                                              Matthew J. Hegarty
      Defendants.

**COURTROOM MINUTES/MINUTE ORDER**

**HEARING:   STATUS CONFERENCE**
**Court in session:         10:03 a.m.**
Court calls case.  Appearances of *pro se* Plaintiff and counsel for Defendants.

The court addresses the parties regarding Defendants' two pending motions before the court, **Motion to Quash in Part** [Doc. No. 115] and **Amended Motion to Quash in Part** [Doc. No. 119].

Counsel for Defendants Klenke and Montoya states the issue is related to the production of grievances.  Counsel notes the release of those grievances present a security risk, would not lead to admissible discovery, and would not be relevant.

Plaintiff addresses Defense counsel's statements and notes he had the understanding that the court would perform an in camera review of documents in question.  Discussion between the court and Plaintiff regarding the subject of the grievances in question.

The court makes findings and cites relevant case law.  For the reasons stated on the record,

**ORDERED:**            Motion to Quash in Part [Doc. No. 115, filed 7/29/2013] and Amended Motion to Quash in Part [Doc. No. 119, filed 8/5/2013] are **GRANTED in part** and **DENIED in part**.  The court will require the Colorado

Department of Corrections to search medical grievances that identify Defendants Klenke and Montoya as respondents when the nature of the grievance dealt with pain medication. The court will limit the scope of the subpoena to include the time period between January 1, 2011 through December 30, 2011. Responsive documents consistent with the court's ruling should be produced for in camera review **within 3 weeks of today's date.**

The court advises the parties that if it finds that all or some of those grievances are properly discoverable, it will confer with the parties to determine what security measures should be taken with respect to the privacy interest of the inmates and the security considerations expressed by the CDOC.

The court addresses the parties regarding **Defendant Correctional Health Partners' Motion for Protective Order** [Doc. No. 135].

Discussion between the court and Plaintiff regarding his serving of discovery on Defendant Correctional Health Partners after they were dismissed as a party. The court notes Plaintiff filed an Objection but advises Mr. Sherman that serving discovery on a dismissed party is unduly burdensome.

**ORDERED:** Defendant Correctional Health Partners' Motion for Protective Order [Doc. No. 135, filed 10/17/2013] is **GRANTED**. The court finds Plaintiff's Interrogatories and Requests for Production served on Correctional Health Partners are premature pending the outcome of his Objection and they shall be treated as withdrawn.

The court notes if District Judge Brimmer finds that Correctional Health Partners should remain in the case, Mr. Sherman will have the right to serve discovery at that time.

Discussion between the court and the parties regarding the Colorado Department of Corrections' Clinical Standards and Procedures produced to the court for in camera review and a redacted copy produced to Plaintiff. Plaintiff requests that he be provided a hard copy of the document as CDOC procedures state that the disks the document was produced on shall be returned or destroyed after 50 days.

The court instructs Defense counsel to coordinate with the CDOC to ensure that Mr. Sherman has access to the information until the conclusion of the case.

HEARING CONCLUDED.
**Court in recess**: **10:38 a.m.**
Total time in court:   00:35