IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-03091-PAB-CBS

MATTHEW RYAN SHERMAN

     Plaintiff,

v.

WILLIAM KLENKE, N.P.,
DOLORES MONTOYA, H.S.A., and
CORRECTIONAL HEALTH PARTNERS,

     Defendants.

---

## ORDER

---

     This matter is before the Court on a Motion to Amend a Judgment Pursuant to Rule 59(e) [Docket No. 104] filed by plaintiff Matthew Ryan Sherman.  Defendants William Klenke, N.P. and Dolores Montoya, H.S.A. filed a response [Docket No. 108]. Defendant Correctional Health Partners ("CHP") filed a separate response [Docket No. 110].

     Federal Rule of Civil Procedure 59(e) provides that a motion to alter or amend a judgment must be filed no later than twenty-eight days after the entry of judgment. However, final judgment has not entered in this case.  *See Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988) (holding that final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment).  Nonetheless, because Mr. Sherman is proceeding *pro se*, the Court must construe plaintiff's motion liberally.  *See Haines v. Kerner,* 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). Thus, the Court finds that plaintiff's motion falls within the Court's plenary power to revisit and amend interlocutory orders as justice requires.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration, *see Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995), and, where, as here, a party files a motion for reconsideration prior to the entry of judgment or of a final order, Rules 59(e) and 60(b) do not apply. *Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th Cir. 1962). Instead, the motion falls within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92. However, in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g.*, *Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the Duty-to-Defend Order); *M.M. v. Zavaras*, 939 F. Supp. 799, 801 (D. Colo. 1996) (applying law of the case doctrine to motion for reconsideration of interlocutory order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or

2

legal authority has emerged or whether the prior ruling was clearly in error.

Plaintiff first argues that the Court erred in dismissing plaintiff's Eighth Amendment claim against Dr. Timothy Creany.  Docket No. 104 at 1-2.  Plaintiff claims that Dr. Creany had an independent obligation to control plaintiff's pain medications and, because Dr. Creany was defendant Klenke's supervisor, an obligation to intervene in any treatment defendant Klenke performed on plaintiff.  *Id.* at 2.  Plaintiff asserted the same arguments in his response to defendant's motion to dismiss [Docket No. 64 at 3] and objection to the magistrate judge's recommendation [Docket No. 89 at 3-5].  In response, the Court found that plaintiff failed to "allege an 'affirmative link' between Dr. Creany's denial of the Step 2 grievance and Mr. Klenke's failure to provide pain medication" sufficient to maintain a claim that Dr. Creany had an "independent responsibility for the wrong in question."  Docket No. 91 at 6-7 (quoting *Arocho v. Nafziger*, 367 F. App'x 942, 954 (10th Cir. 2010).  Accordingly, plaintiff has not identified any new persuasive basis for this Court to reconsider its decision to dismiss this claim.

Second, plaintiff argues that the Court erred in denying claims based on defendants Montoya and Klenke's alleged failure to excuse plaintiff from prison work duties.  Docket No. 104 at 3.  Plaintiff equates the holding in *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), to the denial of his request to be excused from work.  However, while deliberate indifference to serious medical needs can result in a violation of the Eighth Amendment, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."  *Id.* at 106.  Moreover, plaintiff asserted the same argument in his objection to the magistrate judge's recommendation [Docket No. 89 at 2].  In

3

response, the Court found that a denial of a request for a medical excuse from work fell squarely within the scope of a prison doctor's medical judgment and, therefore, could not give rise to an Eighth Amendment claim for deliberate indifference.  Docket No. 91 at 4-5.  Accordingly, plaintiff has not identified any new persuasive basis for this Court to reconsider its decision to deny claims based on defendants Montoya and Klenke's alleged failure to excuse plaintiff from prison work duties.

Third, plaintiff argues the Court erred in dismissing plaintiff's Eighth Amendment claim against CHP.  Docket No. 104 at 4.  Plaintiff does not challenge the Court's finding that CHP was subject to the principles of municipal liability.  Docket No. 91 at 8 (citing *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010)).  However, plaintiff argues that he has adequately alleged an informal custom amounting to a widespread practice, *see id.*, and provides supporting affidavits from five inmates. Docket No. 104 at 4, 8-13.  Assuming, without deciding, that it would be proper for the Court to consider these affidavits in this context, the affidavits are insufficient to show an official policy or custom.  *See Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (setting forth circumstances in which a court can consider evidence outside the complaint in resolving a Rule 12(b)(6) motion to dismiss).  While each inmate states that he suffers or suffered from a hernia and was at one point denied surgery, the inmates' individual circumstances are different and do not support the existence of a widespread custom or practice with respect to CHP.  Two of the inmates state that CHP denied surgery requests because a hernia procedure is considered non-life threatening or elective [Docket No. 104 at 8, 9], one inmate states that medical officials will not give him a reason for the denial [*id.* at 12-13], and the remaining two inmates do not mention

4

CHP at all [*id.* at 10, 11].  None of the inmates clearly state the time frame in which their surgery request was denied.  To the extent the inmates state their belief that CHP's reasons for denial were financially motivated, such statements fall outside the inmates' personal knowledge and must be disregarded.  *See Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (holding that affidavits must be based on personal knowledge). Accordingly, plaintiff's additional evidence is insufficient to establish a persuasive basis for this Court to reconsider its decision regarding the dismissal of plaintiff's Eighth Amendment claim against CHP.

Fourth, plaintiff argues the Court erred in finding that plaintiff was required to submit a Certificate of Review to maintain a negligence claim against CHP.  Docket No. 104 at 5-6.  Plaintiff asserted nearly identical arguments in his response to defendant's motion to dismiss [Docket No. 65 at 5-6] and objection to the magistrate judge's recommendation [Docket No. 89 at 7-8].  Additionally, plaintiff has filed a separate motion restating his arguments [Docket No. 102].  As the Court previously found:

> [T]he fact that an administrator denied surgery for financial reasons still raises the issue of whether that financial reason was improper given the medical consequences.  To prove these negligent consequences, plaintiff will need to present expert medical testimony.  *See Martinez v. Badis*, 842 P.2d 245, 252 (Colo. 1992) (noting that the statute applies to every claim that requires proof of professional negligence as a predicate to recovery, regardless of the formal designation of such claims); *accord In re Donnell*, 479 B.R. 592, 595 (Bankr. D. Colo. 2012).  Thus, regardless of the reasons why defendants denied plaintiff's surgery requests, plaintiff must first secure a Certificate of Review in order to prove his negligence claim.

Docket No. 91 at 10-11.  Plaintiff has not identified any new persuasive basis for this Court to reconsider its decision regarding the application of the Certificate of Review requirement to plaintiff's negligence claim against CHP.

5

Therefore, it is

**ORDERED** that plaintiff's Motion to Amend a Judgment Pursuant to Rule 59(e)

[Docket No. 104] is **DENIED**.

DATED February 20, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge