IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-03091-PAB-CBS

MATTHEW RYAN SHERMAN,
        Plaintiff,
v.

WILLIAM KLENKE, N.P., and
DOLORES MONTOYA, H.S.A.,
        Defendants.

---

## RECOMMENDATION ON DEFENDANTS' MOTION
## FOR SUMMARY JUDGMENT

---

Magistrate Judge Shaffer

This matter comes before the court on Defendants William Klenke and Dolores Montoya's

Motion for Summary Judgment (doc. # 146) filed on January 23, 2014.  *Pro se* Plaintiff Matthew Ryan

Sherman filed his Response to Motion for Summary Judgment (doc. # 155) on March 10, 2014, which

was followed by Defendants' Reply (doc. # 162) on April 14, 2014.  With an Order of Reference (doc.

#31) dated May 9, 2012, this matter was referred to the Magistrate Judge to, *inter alia*, "submit

proposed findings of fact and recommendations for rulings on disposition motions."  I have carefully

considered the pending motion and related briefs and exhibits, the entire case file, and the applicable

law.  The court does not believe that oral argument would assist its evaluation of the arguments raised

by the parties.  For the following reasons, I recommend that Defendants' Motion for Summary

Judgment be granted.

## PROCEDURAL HISTORY

This action was commenced by Mr. Sherman on November 28, 2011 with the filing of his

original Complaint (doc. # 10).  That pleading named as Defendants "N.P. Klenke," "MD Creany,"

and "HSA Dolores Montoya," and invoked the court's subject matter jurisdiction under 42 U.S.C. § 1983.  In his single claim for relief, Mr. Sherman alleged that the named Defendants had violated the Eighth Amendment through their deliberate indifference to his serious medical needs and, more specifically, the pain and suffering associated with a diagnosed hernia.  On January 24, 2012, Mr. Sherman filed a motion (doc. # 12) in which he sought "permission to submit amended complaint," asked for the appointment of counsel, and requested "to be transferred to Arkansas Valley Correctional Facility" because of unspecified mistreatment that he had suffered "because of this lawsuit."

Also on January 24, 2012, Mr. Sherman filed an Amended Complaint (doc. # 11).  This pleading recited the same Eighth Amendment claim against Defendants Klenke, Creany and Montoya, but also joined as defendants "Warden Temmee" at Fremont Correctional Facility (FCF), the "Mental Health Department" at FCF, "CHP (DOC Insurance Company, Medical)," the "DOC Mail Room Staff," and "Any unforseen Defendants."  Plaintiff's first claim alleged a violation of the Eighth and Fourteenth Amendments by Defendant Klenke.  The second claim of the Amended Complaint asserted a Fourteenth Amendment due process violation by CHP based upon its denial of his request for hernia surgery.  The third claim alleged that mail room personnel improperly screened Plaintiff's outgoing mail in violation of the First Amendment after he told them he was "suing DOC because of my situation."  Plaintiff's fourth claim alleged a due process violation based on his improper termination from a sex offender treatment program.

On January 31, 2012, Magistrate Judge Boyd Boland entered an Order Directing Plaintiff to File Second Amended Complaint (doc. # 14).  Magistrate Judge Boland's Order explained that Mr. Sherman could not sue the State of Colorado or its entities, such as the mental health department of the Fremont Correctional Facility, as the State of Colorado and its entities are protected by Eleventh Amendment immunity.  Moreover, Magistrate Judge Boland found that Plaintiff's Amended

2

Complaint failed to set forth a short and plain statement of his claims showing that he was entitled to relief.  Accordingly, Mr. Sherman was given 30 days to file a second amended complaint that complied with the pleading requirements of Fed. R. Civ. P. 8.

Plaintiff filed his Second Amended Complaint (doc. # 22) on March 19, 2012.  This pleading named as Defendants William Klenke, N.P., Timothy Creany, M.D., Dolores Montoya, H.S.A., Stephen Krebs, M.D., Correctional Health Partners (CHP) and John Doe.  The first claim in the Second Amended Complaint alleged an Eighth Amendment violation by Defendant Klenke based on his refusal "to give the plaintiff proper medical care during his treatment for his hernia."  The second claim asserted that Defendants Montoya and Creany were deliberately indifferent in violation of the Eighth Amendment by "refus[ing] to supervise N.P. Klenke" even though they knew Mr. Sherman had a serious medical need.  That same claim alleged that Dr. Creany had improperly denied Plaintiff's step 2 grievance and that Defendant Montoya "continues to ignore Mr. Sherman's request to be seen by a different provider."  In the third claim, Plaintiff alleged that Defendant Krebs, "the chief medical doctor for Correctional Health Partners," violated the Eighth Amendment by twice denying a recommendation that his hernia be treated surgically, thereby "causing the plaintiff unnecessary, prolonged pain and suffering."  Plaintiff's fourth claim alleged common law negligence on the part of Dr. Krebs, while the fifth claim sought to hold Correctional Health Partners vicariously liable for the negligence of its employee, Dr. Krebs.  Eighteen days after filing his Second Amended Complaint, Mr. Sherman asserted virtually the same claims in a Third Amended Complaint (doc. # 24).

On June 14, 2012, Correctional Health Partners moved to dismiss the Third Amended Complaint.  Correctional Health Partners argued that Mr. Sherman's 42 U.S.C. § 1983 claims failed because the denial of his desired medical treatment did not amount to deliberate indifference to Plaintiff's medical needs in violation of the Eighth Amendment, Mr. Sherman had not alleged any

custom, policy or practice of CHP that violated the Eighth Amendment, and that his negligence and

vicarious liability claims brought under Colorado common law must be dismissed for failure to file a

certificate of review as required under C.R.S. § 13-20-602.[1]

On July 9, 2012, Defendants Klenke, Creany, Montoya and Krebs filed their own Motion to

Dismiss (doc. # 52) the Third Amended Complaint.  First, Defendants argued that any claims asserted

against them in their official capacities were barred by Eleventh Amendment immunity.  Second,

Defendants Montoya and Creany insisted that the Third Amended Complaint failed to allege any facts

that would suggest these two defendants personally participated in any constitutional violation.  Third,

Defendants Klenke and Krebs argued that Mr. Sherman had not alleged sufficient facts to plausibly

show that they had been deliberately indifferent to his medical needs.  Finally, Defendants maintained

that Mr. Sherman's claim for compensatory damages was barred by the Prison Litigation Reform Act,

based on his failure to assert a physical injury caused by Defendants' alleged conduct, and that his

demand for punitive damages was not supported by facts that would suggest that Defendants' conduct

was motivated by "evil motive or intent" or involved "reckless or callous indifference to the federally

protected rights of others."

On August 6, 2012, Mr. Sherman filed separate responses (doc. ## 64 and 65) to the pending

---

[1]This statute mandates that in every action for damages based upon the alleged professional negligence of a licensed professional, "the plaintiff's . . . attorney shall file with the court a certificate of review for each . . . licensed professional named as a party."  The certificate of review must declare that the attorney for the plaintiff "has consulted with a person who has expertise in the area of the alleged negligent conduct" and that the consulted professional has concluded, based on the review of known facts, "that the filing of the claim . . does not lack substantial justification.  *See* C.R.S. § 13-20-602(3)(a).  *Cf. Yadon v. Southward*, 64 P.3d 909, 912 (Colo. App. 2002) (holding that the certificate of review requirement applies equally to *pro se* parties).  *See also Burns v. Laurence*, Civil N. 10-cv-2691-WJM-CBS, 2013 WL 3771280, at *4 (D. Colo. July 17, 2013) (noting that in "numerous decisions, the District of Colorado has . . . appl[ied] the certificate of review requirement under § 13-20-602 to state law claims based upon professional negligence and malpractice, but not to Eighth Amendment claims arising from the same factual circumstances").

motions to dismiss, as well as a new Motion for Leave to Amend Complaint (doc. # 63).  In moving

for leave to amend, Mr. Sherman suggested that his next pleading would "be more specific with facts

to demonstrate how the defendant's (sic) violated his Eighth Amendment Constitutional rights" and

would "clarify how the defendant's (sic) where (sic) deliberately indifferent to [his] serious medical

needs."  Defendant Correctional Health Partners filed a Rely in Support of Motion to Dismiss (doc. #

68) on August 20, 2012, and Defendants Klenke, Creany, Montoya and Krebs filed their Reply (doc. #

72) on August 27, 2012.  All Defendants opposed Mr. Sherman's motion for leave to file a Fourth

Amended Complaint.

After a hearing on February 6, 2013, this court made findings of fact and  recommendations

from the bench with regard to Defendants' motions to dismiss. I specifically found that:

> Mr. Sherman has alleged facts which reasonably support a plausible contention that
> both Mr.  Klenke and Ms. Montoya were aware that Mr. Sherman was not getting the
> medication that he felt was appropriate and that Mr. Sherman was not getting the
> medication that his specialist (a doctor that he had been sent to see) felt was
> appropriate.  It appears that Mr. Sherman's repeated requests for stronger medication
> were simply denied.  On that basis, the court recommends that this narrow Eighth
> Amendment claim against defendants Klenke and Montoya proceed.  However, the only
> allegation that the court can find with respect to Dr. Creany is that he reviewed and
> denied a grievance and that, in the court's view, fails to support a claim under the
> Eighth Amendment with respect to Dr. Creany[.] On the same basis, the court finds that
> the Plaintiff's Third and Fourth Amended Complaint do not properly allege a claim
> against Dr. Krebs and Correctional Health Partners either under the Eighth Amendment
> or under the Colorado Common Law on negligence.  The court further finds that Mr.
> Sherman has not provided the required certificate of review.  The court is
> recommending that Mr. Sherman be allowed 30 days to provide the necessary
> certificate of review.

*See* doc. # 81.  Accordingly, I recommended that Claim Two of the Fourth Amended Complaint be

dismissed with prejudice as against Defendant Creany; that Claim Three be dismissed with prejudice,

and that Claim Four be dismissed if Mr. Sherman failed to submitted the required certificate of review.

 I granted Mr. Sherman's motion to file a Fourth Amended Complaint only "to the extent it

encompasses an Eighth Amendment claim against [Defendants Klenke and Montoya] based on their

alleged failure to provide or change Mr. Sherman's medication."  At the conclusion of the  February 6, 2013 hearing, I directed that Mr. Sherman be provided with a transcript of the proceedings and advised Plaintiff of his right to file an objection to my Recommendation, pursuant to Fed. R. Civ. P. 72.  Mr. Sherman filed an Objection to the Findings and Recommendations of the Magistrate Judge (doc. # 89) on March 18, 2013.

In an Order (doc. # 91) issued on March 28, 2013, Judge Brimmer accepted my Recommendation and dismissed with prejudice Plaintiff's Second and Third Claims for Relief against Drs. Creany and Krebs, as well as Mr. Sherman's claim against the John Doe defendant.  Judge Brimmer dismissed without prejudice Plaintiff's Fourth Claim for Relief against Defendant Correctional Healthcare Partners, but directed that Mr. Sherman must file a certificate of review within thirty days of his Order.[2]  Finally, Judge Brimmer permitted Mr. Sherman to file a Fourth Amended Complaint, but ruled that the newly filed pleading would be "limited to Eighth Amendment claims against William Klenke and Dolores Montoya based upon allegations that they failed to provide or change plaintiff's medication."[3]

The claims remaining against Defendants Klenke and Montoya are quite specific.  Claim One

---

[2]On May 20, 2013, Plaintiff filed a Motion for Waiver of Certificate of Review Requirement (doc. # 102), in which he argued that C.R.S. § 13-20-602, as applied to *pro se* inmate litigants, "unconstitutionally hinders access to the courts in violation of equal protection and due process of law."  This court denied Plaintiff's motion on August 15, 2013 (doc. # 121) and advised Mr. Sherman of his right to file an objection under Fed. R. Civ. P. 72.  I also directed that Mr. Sherman be provided with a transcript of the August 15, 2013 proceeding.  On September 17, 2013, Mr. Sherman filed an Objection to Order of Magistrate Judge Re: Doc. No. 102 (doc. # 130).  Judge Brimmer overruled this Objection with an Order (doc. # 154) issued on February 20, 2014.  The district court found "no clear error in the magistrate judge's finding that the Certificate of Review requirement does not constitute a unconstitutional denial of access to the courts" and concluded that because Mr. Sherman's Objection did not provide "the Court with a basis to revisit its original finding," there was "no clear error in the magistrate judge's finding on this issue."

[3]Mr. Sherman filed a Motion to Amend a Judgment Pursuant to Rule 59(e) (doc. # 104) on May 28, 2013.  Judge Brimmer denied this motion with an Order (doc. # 153) issued on February 20, 2014.

of the Fourth Amended Complaint alleges that Defendant Klenke "had actual knowledge that Mr. Sherman was in severe debilitating pain and that the method of trying to alleviate the pain was ineffective." *See* Fourth Amended Complaint, at ¶ 36.  Nevertheless, "Defendant Klenke refused to provide appropriate, adequate, effective pain medication" and denied Plaintiff's request "to be given a medical lay-in from work due to the severe pain and the fear that his condition could be worsened by working." *Id.* at ¶¶ 39 and 40.  Plaintiff contends that Defendant Klenke's "actions or inactions . . . demonstrate deliberate indifference to Mr. Sherman's serious medical condition in violation of the Eighth Amendment." *Id.* at ¶ 41.

Claim Two of the Fourth Amended Complaint alleges that "Defendant Montoya . . . had actual personal knowledge that Mr. Sherman was denied needed surgery, was suffering debilitating pain, and that his condition had been exacerbated by his having to work." *Id.* at ¶ 45.  The Fourth Amended Complaint further avers that Defendant Montoya "was aware that defendant Klenke refused to give Mr. Sherman pain medication requested by Dr. Rieger, even though the current course of treatment was not working," and that Defendant Montoya "had the ultimate responsibility and duty of ensuring that all inmate patients received adequate medical care." *Id.* at ¶¶ 46 and 50.  Claim Two alleges that Defendant Montoya violated Plaintiff's Eighth Amendment rights by "allowing Defendant Klenke to continue a course of treatment which was obviously having no effect," and by denying or ignoring Mr. Sherman's "repeated requests to be treated by another PA in the same clinic." *Id.* at ¶¶ 53 and 54.

## ANALYSIS

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(c)(2).  *See also Devery Implement Company v. J.I. Case Company,* 944 F.2d 724, 726 (10th Cir.1991); *Redmon v. United States,* 934 F.2d

1151, 1155 (10th Cir.1991).   To meet the burden of persuasion required to support summary judgment under Rule 56, the movant must "point to those portions of the record that demonstrate an absence of a genuine issue of material fact, given the relevant substantive law." *Thomas v. Wichita Coca-Cola Bottling Co.,* 968 F.2d 1022, 1024 (10th Cir. 1992) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986)).   A fact is "material" if under the substantive law it could have an effect on the outcome of the lawsuit.   *Equal Employment Opportunity Comm'n v. Horizon/CMS Healthcare Corp.,* 220 F.3d 1184, 1190 (10th Cir. 2000) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

While the moving party bears the initial burden of showing that there is an absence of any issues of material fact, *Hicks v. City of Watonga,* 942 F.2d 737, 743 (10th Cir. 1991), the movant need not negate the non-movant's claim.   *See John Hancock Mut. Life Ins. Co. v. Weisman,* 27 F.3d 500, 503 (10th Cir. 1994); *Universal Money Ctrs., Inc. v. American Tel. & Tel. Co.,* 22 F.3d 1527, 1529 (10th Cir. 1994).   Once the moving party points to an absence of evidence to support the non-moving party's claim, the non-moving party may not rest upon his pleadings, but must come forward with specific facts showing that there is a genuine issue for trial as to the elements essential to the non-moving party's case.   *See* Fed. R. Civ. P. 56(e).   *See also Kannady v. City of Kiowa,* 590 F.3d 1161, 1169 (10th Cir. 2010).

The court must construe the factual record and reasonable inferences therefrom in the light most favorable to the non-moving party.   *Kidd v. Taos Ski Valley, Inc.,* 88 F.3d 848, 851 (10th Cir. 1996).   The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251-52.

To defeat a properly supported motion for summary judgment, there must be evidence upon which the jury could reasonably find for the plaintiff.   Conclusory allegations will not create a genuine

issue of material fact necessitating trial. *Dobson v. City and County of Denver*, 81 F. Supp. 2d 1080, 1083 (D. Colo. 1999). *Cf. Nichols v. Hurley*, 921 F.2d 1101, 1113 (10th Cir. 1990) (acknowledging "conclusory allegations without specific supporting facts have no probative value"). Evidence that is not significantly probative and immaterial factual disputes will not defeat a motion for summary judgment. *Ayon v. Gourley*, 47 F. Supp. 2d 1246, 1252 (D. Colo. 1998). The demonstration of "some metaphysical doubt as to the material facts" is not sufficient to establish a genuine issue of material fact. *Foreman v. Richmond Police Department*, 104 F.3d 950, 957 (7th Cir. 1997). "The very purpose of a summary judgment action is to determine whether trial is necessary." *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). In short, this court must determine whether Mr. Sherman has come forward with specific facts to overcome Defendants' Motion for Summary Judgment.

A.      *The Factual Record*

The parties have attached a number of exhibits to their summary judgment briefs. Defendants have tendered the Affidavit of Anthony DeCesaro, a Step 3 Grievance Officer, (Exhibit A-1) together with copies of related CDOC administrative regulations and grievance records; the Affidavit of William Klenke (Exhibit A-2) along with pertinent excerpts from Mr. Sherman's medical records; the Affidavit of Dr. Erik Rieger (Exhibit A-3) with referenced medical records; and the Affidavit of Dolores Montoya (Exhibit A-4) and referenced attachments. Mr. Sherman attached to his Response to Motion for Summary Judgment excerpts from Defendants' responses to written discovery requests and interrogatories (Exhibits 1 and 2); his own affidavit (Exhibit 3) with attachments consisting of a summary exhibit of Mr. Sherman's "repeated requests for pain medication . . . and the repeated denials of pain relief by defendants" and grievances submitted by other inmates relating to Defendant Klenke's responses to their complaints of pain; the Affidavit of Debbie Sherman, his mother, (Exhibit

4) describing her communications with Defendant Montoya; excerpts from CDOC Clinical Standards and Procedures (Exhibit 5); and Affidavits from Inmates Donald Reynolds and Jesus Epps (Exhibits 6 and 7) recounting Defendant Klenke's responses to their requests for pain medication.

Upon careful consideration of Defendants' Motion for Summary Judgment and Mr. Sherman's Response, as well as the exhibits proffered by both sides, it appears that the following facts are undisputed.

Mr. Sherman arrived at the Fremont Correctional Facility on March 29, 2010. *See* Defendants' Statement of Material Facts, at ¶ 8 and Plaintiff's Response, at 2. On June 6, 2011, Plaintiff was seen in clinic by Defendant Klenke for complaints of a hernia. At that time, PA Klenke conducted a physical examination and determined that Mr. Sherman had a right inguinal hernia that was reducible.[4] *See* Defendants' Statement of Material Facts, at ¶ 10 and Plaintiff's Response, at 2. To treat Mr. Sherman's hernia, Defendant Klenke prescribed Colace and Psyllium Fiber which help to reduce straining and discomfort some patients experience during bowel movements. *See* Defendants' Statement of Material Facts, at ¶ 13 and Plaintiff's Response, at 2. Defendant Klenke issued Plaintiff an abdominal binder for support, which helps to hold the hernia in place throughout the day so that the patient does not strain, and also issued work restrictions to Mr. Sherman to avoid heavy lifting. Plaintiff was offered a lower bunk restriction, which he refused. *See* Defendants' Statement of Material Facts, at ¶ 14 and Plaintiff's Response, at 2.

At the time of the June 6, 2011 consult, Mr. Sherman had a current prescription for Motrin,

---

[4]The parties agree that a hernia is an area in a layer of tissue that is weak or torn. Hernias present as bulges in the groin area that can become more prominent when coughing, straining, or standing up. *See* Defendants' Statement of Material Facts, at ¶ 11 and Plaintiff's Response, at 2. The parties further acknowledge that hernias are rarely painful, and the bulge commonly disappears when lying down. The inability to "reduce," or place the bulge back into the abdomen could mean the hernia is incarcerated, which may require emergency surgery. Small hernias present more of a risk of incarceration. *See* Defendants' Statement of Material Facts, at ¶ 12 and Plaintiff's Response, at 2.

which PA Klenke believed to be sufficient for his complaints of pain.  *See* Defendants' Statement of Material Facts, at ¶ 16 and Plaintiff's Response, at 2.  On June 9, 2011, Defendant Klenke increased Mr. Sherman's prescription for Motrin based on Plaintiff's complaints of on-going pain.  *See* Defendants' Statement of Material Facts, at ¶ 17 and Plaintiff's Response, at 2.

Following the June 6, 2011 consultation, PA Klenke submitted a request for a consultation with an outside surgeon in order to obtain a second opinion on Plaintiff's hernia.  *See* Defendants' Statement of Material Facts, at ¶ 15 and Plaintiff's Response, at 2.  This request was denied on June 13, 2011, and PA Klenke appealed that denial on June 14, 2011.  *See* Defendants' Statement of Material Facts, at ¶ 21 and Plaintiff's Response, at 2.

On June 13, 2011, Plaintiff returned to the clinic and was seen by PA Klenke for complaints associated with his hernia.  Defendant Klenke conducted a physical examination of Mr. Sherman's hernia, which had remained unchanged.  *See* Defendants' Statement of Material Facts, at ¶ 18 and Plaintiff's Response, at 2. *Id.* at ¶ 19.  Mr. Sherman's medical records reflect that on June 13, 2013, he was prescribed "Tylenol #3 for pain management."  On June 21, 2011, PA Klenke extended Mr. Sherman's Tylenol #3 prescription for an additional three days (or until June 24, 2011).  *See* Defendants' Statement of Material Facts, at ¶ 22 and Plaintiff's Response, at 2.

On June 23, 2011, Mr. Sherman again was seen by PA Klenke for complaints associated with his hernia.  Defendant Klenke conducted a physical examination and determined that Mr. Sherman's hernia was unchanged in size and was non-reducible.  *See* Defendants' Statement of Material Facts, at ¶ 23 and Plaintiff's Response, at 2.  Following this examination, Defendant Klenke extended Plaintiff's prescription for Tylenol #3 and increased the dosage to two tablets.  *See* Defendants' Statement of Material Facts, at ¶ 24 and Plaintiff's Response, at 2. *Id.* at ¶ 23.

Defendant Klenke's request for a surgical consultation was approved on June 23, 2011. That

same day, PA Klenke contacted Dr. Rieger's office to obtain an appointment for Mr. Sherman. *See* Defendants' Statement of Material Facts, at ¶ 25 and Plaintiff's Response, at 2. On June 27, 2011, Plaintiff was seen by Dr. Rieger who recommended surgical repair of the hernia. The parties agree that surgical repair was the only recommendation made by Dr. Rieger on June 27, 2011.[5] *See* Defendants' Statement of Material Facts, at ¶ 26 and Plaintiff's Response, at 2.

On June 29, 2011, PA Klenke renewed Mr. Sherman's prescription for Tylenol #3 through July 6, 2011, and then on July 5, 2011, renewed the prescription yet again through July 12, 2011. *See* Defendants' Statement of Material Facts, at ¶¶ 28-29 and Plaintiff's Response, at 3. Mr. Sherman was seen by PA Klenke on July 6, 2011 for complaints of a second hernia on his left side. Defendant Klenke conducted a physical examination and determined that Mr. Sherman did have a second smaller inguinal hernia on his left side that was reducible. *See* Defendants' Statement of Material Facts, at ¶ 30 and Plaintiff's Response, at 3. During this appointment, Sherman sought additional pain medications, and Defendant Klenke instructed Plaintiff to alternate Tylenol #3 and Motrin as needed for pain. *See* Defendants' Statement of Material Facts, at ¶ 31 and Plaintiff's Response, at 3. After his July 6, 2011 examination of Mr. Sherman, Defendant Klenke contacted central scheduling to inquire into the status of Dr. Rieger's surgical request. Defendant also prescribed Mr. Sherman Motrin through August 5, 2011. *See* Defendants' Statement of Material Facts, at ¶ 32 and Plaintiff's Response, at 3.

On July 11, 2011, Defendant Klenke received notification from Dr. Rieger's office that the request for surgery had been denied. *See* Defendants' Statement of Material Facts, at ¶ 33 and

---

[5]Plaintiff acknowledges that Dr. Rieger's records pertaining to the June 27, 2011 consultation do not include any written recommendation regarding pain medication. *See* Plaintiff's Response, at 2. In his Affidavit, Dr. Rieger states that "[a]s a general practice, I do not recommend pre-operative pain medications to patients suffering from inguinal hernias," and "[t]herefore, I made no recommendation that Mr. Sherman receive any pain medications for treatment of his hernia."

Plaintiff's Response, at 3.  On July 13, 2011, PA Klenke extended Mr. Sherman's Tylenol #3 prescription until July 18, 2011.  The dosage was decreased to one tablet.  *See* Defendants' Statement of Material Facts, at ¶ 34 and Plaintiff's Response, at 3.[6]  On July 18, 2011, Mr. Sherman again saw Defendant Klenke for complaints associated with his hernia.  During this consultation Sherman stated, "I don't care as much about the pain …I just want this fixed…I haven't had a stool in 9 days." *See* Defendants' Statement of Material Facts, at ¶ 36 and Plaintiff's Response, at 3.  At the same time, Defendant Klenke noted that Mr. Sherman was visibly relaxed while discussing his care.  Defendant prescribed Magnesium Hydroxide, a stool softener, for Sherman's complaints of constipation.  *See* Defendants' Statement of Material Facts, at ¶ 37 and Plaintiff's Response, at 3.  On July 18, 2011, Defendant Klenke contacted Dr. Rieger's office concerning Plaintiff's ongoing complaints of pain and constipation and informed Dr. Rieger's nurse that Mr. Sherman wanted the denial of his surgery to be appealed.  *See* Defendants' Statement of Material Facts, at ¶ 38 and Plaintiff's Response, at 3. *d.* at ¶ 35.  On July 18, 2011, PA Klenke faxed a letter to Correctional Health Partners concerning Mr. Sherman's ongoing symptoms to assist in the appeal of the denial of surgery.  *See* Defendants' Statement of Material Facts, at ¶ 39 and Plaintiff's Response, at 3.

On August 10, 2011, PA Klenke extended Mr. Sherman's prescription for Motrin until October 17, 2011.  *See* Defendants' Statement of Material Facts, at ¶ 47 and Plaintiff's Response, at 4.  The next day, Defendant Klenke ordered a prescription for Magnesium Hydroxide to address Mr. Sherman's complaints of constipation.  *See* Defendants' Statement of Material Facts, at ¶ 48 and Plaintiff's Response, at 4.  On August 16, 2011, Sherman was seen by Defendant Klenke for complaints associated with his hernia.  Defendant Klenke conducted a physical examination of

[6]Mr. Sherman acknowledges that on July 20, 2011, PA Klenke extended Plaintiff's Tylenol #3 prescription until July 25, 2011, however he also asserts that he did not pick up the first dosage authorized by that extension until July 22, 2011.  *See* Plaintiff's Response, at 3.

13

Sherman and determined that the right hernia had grown in size. *See* Defendants' Statement of Material Facts, at ¶ 49 and Plaintiff's Response, at 4. Following this examination, PA Klenke submitted a new request for a surgical consultation, which was approved on August 25, 2011. *See* Defendants' Statement of Material Facts, at ¶ 50 and Plaintiff's Response, at 4. On September 14, 2011, Mr. Sherman was seen by PA Klenke for complaints associated with his hernia. During a physical examination, Defendant Klenke determined that both hernias had not changed in size. *See* Defendants' Statement of Material Facts, at ¶ 51 and Plaintiff's Response, at 4. During that same appointment, Mr. Sherman asked for Tylenol #3 for pain management. Defendant instead advised Mr. Sherman to use Motrin for pain management. On that same occasion, PA Klenke noted that Plaintiff was not wearing the abdominal belt he was issued for support. *See* Defendants' Statement of Material Facts, at ¶ 52 and Plaintiff's Response, at 4. On September 27, 2011, PA Klenke renewed Mr. Sherman's prescriptions for Magnesium Hydroxide and Psyllium Fiber. *See* Defendants' Statement of Material Facts, at ¶ 53 and Plaintiff's Response, at 4. On September 29, 2011, Mr. Sherman was seen by Dr. Rieger, who recommended surgical repair of Sherman's right hernia. Dr. Rieger did not, however, recommend emergency surgery, which indicated that Plaintiff's hernias were not presenting any serious risks. *See* Defendants' Statement of Material Facts, at ¶ 54 and Plaintiff's Response, at 4.[7]

On October 24, 2011, Mr. Sherman was seen by PA Klenke for complaints associated with his hernia, at which time he requested "stronger meds." Defendant Klenke noted that Plaintiff was not wearing his abdominal belt for support. *See* Defendants' Statement of Material Facts, at ¶ 56 and Plaintiff's Response, at 4. During that same examination, Defendant Klenke increased Mr. Sherman's

---

[7]Mr. Sherman concedes that Dr. Rieger's September 29, 2011written evaluation made no mention of pain medication. *See* Defendants' Statement of Material Facts, at ¶ 54 and Plaintiff's Response, at 4. Although Dr. Rieger's Affidavit states that Mr. Sherman was complaining of increased pain during the September 29 consultation, he did not recommend that Mr. Sherman receive any pain medication.

prescription for Motrin.  *See* Defendants' Statement of Material Facts, at ¶ 57 and Plaintiff's Response, at 4.  Plaintiff underwent surgical repair of his right inguinal hernia on November 2, 2011.  *See* Defendants' Statement of Material Facts, at ¶ 58 and Plaintiff's Response, at 4.  Sherman was provided Tylenol #3 in accordance with Dr. Rieger's recommendation.[8]  *See* Defendants' Statement of Material Facts, at ¶ 60 and Plaintiff's Response, at 4.

Defendant Montoya held the title of Health Services Administrator at FCF from March 1, 2011 to June 20, 2012.  *See* Defendants' Statement of Material Facts, at ¶ 63 and Plaintiff's Response, at 4. As a Health Services Administrator, Ms. Montoya's responsibilities primarily focused on the administration and operations of the medical clinic.  *See* Defendants' Statement of Material Facts, at ¶ 64 and Plaintiff's Response, at 4.  Defendant Montoya did not personally provide medical treatment to patients nor was she involved in the treatment decisions made by clinical medical providers with regard to the patients seen in the medical clinic.  *See* Defendants' Statement of Material Facts, at ¶ 65 and Plaintiff's Response, at 4.  Ms. Montoya was not qualified to issue prescriptions for patients and was not authorized to change any prescriptions issued by clinical medical staff.  *See* Defendants' Statement of Material Facts, at ¶ 66 and Plaintiff's Response, at 4.  Treatment decisions concerning a patient's medical care and/or medications to be prescribed are decisions made exclusively by the clinical medical staff.  *See* Defendants' Statement of Material Facts, at ¶ 67 and Plaintiff's Response, at 4.  As a Health Services Administrator, Defendant Montoya did have the authority to change a patient's health care provider if it appeared that the patient was not receiving appropriate medical care. *See* Defendants' Statement of Material Facts, at ¶ 68 and Plaintiff's Response, at 4.

---

[8]Mr. Sherman was seen by Dr. Rieger on November 17, 2011, for a follow-up post-operative appointment.  Plaintiff acknowledges that this was the first and only time that Dr. Rieger ever provided a written recommendation that Plaintiff receive Tylenol #3.  *See* Defendants' Statement of Material Facts at ¶ 59 and Plaintiff's Response, at 4.

B.      *The Claim Against Defendant Klenke*

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."  U.S.

Const. Amend. VIII.  The Eighth Amendment prohibits prison officials from being deliberately

indifferent to the serious medical needs of prisoners in their custody.  *See Estelle v. Gamble*, 429 U.S.

97, 104-06 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the

'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment.") (internal

quotation marks and citation omitted).

An Eighth Amendment claim involves "a two-pronged inquiry, comprised of an objective

component and a subjective component."  *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006).  "Under

the objective inquiry, the alleged condition must be sufficiently serious to constitute a deprivation of

constitutional dimension."  *Id.* (internal quotation marks and citation omitted).  An objectively serious

medical need or condition is "one that has been diagnosed by a physician as mandating treatment or

one that is so obvious that even a lay person would easily recognize the necessity for a doctor's

attention."  *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996).[9]

Where a plaintiff is alleging a delay in medical care, he must show that the alleged delay

resulted in substantial harm.

> That "substantial harm" can be the ultimate physical injury caused by the prisoner's
> illness, so long as the prisoner can show that the more timely receipt of medical
> treatment would have minimized or prevented the harm.  The "substantial harm" can
> also be an intermediate injury, such as the pain experienced while waiting for treatment

---

[9]Factors that may be indicative of a serious medical need include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain," as well as the "potential for harm if medical care is delayed or denied."  *Gutierrez v. Peters*, 111 F.3d 1364, 1373, n. 8 (7th Cir. 1997) (internal quotation marks and citation omitted).

> and analgesics.  Although "not every twinge of pain suffered as a result of delay in medical care is actionable," when the pain suffered during the delay is substantial, the prisoner "sufficiently establishes the objective element of the deliberate indifference test."

*Kikumura v. Osagie*, 461 F.3d 1269, 1292 (10th Cir. 2006) (internal quotation marks and citation omitted),  *overruled on other grounds as recognized in Robbins v. Oklahoma*, 519 F.3d 1242 (10th Cir. 2008).

Under the subjective inquiry, the defendant must have acted with a "sufficiently culpable state of mind."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  An inmate's complaint of inadequate medical care amounts to an Eighth Amendment claim if the inmate alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle*, 429 U.S. at 106.  To meet the subjective component of an Eighth Amendment claim, a plaintiff must establish the defendant "knew he faced a substantial risk of harm and disregarded that risk, 'by failing to take reasonable measures to abate it.'"  *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999) (quoting *Farmer*, 511 U.S. at 847).  For a prison official to be deliberately indifferent under the Eighth Amendment, "the official must 'know[] of and disregard[] an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must draw the inference.'"  *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 809 (10th Cir. 1999) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

For purposes of the pending motion, this court finds that Mr. Sherman's hernia and its associated pain constituted a serious medical condition that satisfied the objective prong of the Eighth Amendment standard.  Although Defendant Klenke initially diagnosed Mr. Sherman as having a right inguinal hernia that was reducible, it is undisputed that PA Klenke requested a surgical consultation, that Dr. Rieger recommended surgical repair, and that Dr. Rieger initiated an appeal of the initial surgery denial.  *Cf. Horton v. Ward*, 123 F. App'x 368, 372 (10th Cir. 2005) (finding "no trouble" in

17

concluding that plaintiff's umbilical hernia was a serious medical problem where the record showed the hernia was increasing in size and the plaintiff had been placed on a waiting list for surgery); *Heard v. Sheahan*, 148 F. App'x 539, 540 (7th Cir. 2005) ("a hernia can be a serious medical condition" and "inguinal hernias can lead to life-threatening complications").[10] [11]

Mr. Sherman's claim against Defendant Klenke fails under the subjective prong of the Eighth Amendment test.  Based upon my review of the available medical records, it appears that PA Klenke saw Mr. Sherman relative to his hernia and reports of continued pain on no less than 13 occasions between June 6, 2011 and October 24, 2011.  This court is not discounting at all Mr. Sherman's claim of persistent and worsening pain during this five month period, or the sincerity of Plaintiff's belief that the severity of his pain required elevated or different types of medication.  However, the medical records reflect that during that same 4 month period, PA Klenke prescribed various medications in response to Mr. Sherman's complaints of pain and constipation, including Tylenol #3 (pain), Motrin (pain), Docusate (stool softener), Psyllium Fiber (stool softener), Magnesium Hydroxide (stool softener), and Tegretol (pain).  In addition, Defendant Klenke noted that Mr. Sherman should not do any heavy lifting, directed that Mr. Sherman be provided with a truss for support, and directed that he be provided with a lower bunk.  While it is undisputed that Defendant Klenke changed Plaintiff's levels and types of pain medication over time (increasing or decreasing dosages), there is nothing in the available record that would suggest he acted with deliberate indifference to Mr. Sherman's requests

---

[10]*But see Palzon v. Department of Corrections*, 361 F. App'x 88, 89 (11th Cir. 2010) (holding that prison officials did not demonstrate deliberate indifference to plaintiff's serious medical condition where his inguinal hernia remained reducible and plaintiff had received a hernia truss, pain medication, a wheelchair for mobility, and saw doctors regularly).

[11]Copies of unpublished cases cited are attached to this Recommendation.

for help.[12]  In short, Plaintiff's First Claim is premised on Defendant Klenke's failure to accede to Mr.

Sherman's request for additional or different pain medication, and additional work restrictions.

The Constitution does not guarantee a prisoner the treatment of his choice.  *Ledoux v. Davis,*

961 F.2d at 1537 (citations omitted).  *Cf. Henderson v. Secretary of Corrections*, 518 F.2d 694, 695

(10th Cir. 1975) ("prisoner's right is to medical care not to the type or scope of medical care which he

personally desires"); *Feder v. Sposato*, No. 11-CV-193 (JFB)(WDW), 2014 WL 1801137, at *9

(E.D.N.Y. May 7, 2014) ("where the dispute concerns not the absence of help, but the choice of a

certain course of treatment, or evidences mere disagreement with considered medical judgment, [a

court] will not second guess the doctors"); *Baez v. Falor*, Civil. No. 09-1149, 2012 WL 4356768, at

*34 (W.D. Pa. Sept. 24, 2012) ("mere disagreements over medical judgment do not state Eighth

Amendment claims").  "It is obduracy and wantonness, not inadvertence or error in good faith, that

characterize the conduct prohibited by the Cruel and Unusual Punishment Clause."  *Whitley v. Albers*,

475 U.S. 312, 319 (1986), *abrogated on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010).

Deliberate indifference requires a higher degree of fault than negligence or even gross negligence.

*Berry v. City of Muskogee, Oklahoma*, 900 F.2d 1489, 1495-96 (10th Cir. 1990) (citation omitted).  *Cf.*

*Brinton v. Gaffney*, 554 F. Supp. 388, 389 (E.D. Pa. 1983) (noting that an Eighth Amendment claim is

---

[12]Notably, this is not a case where prison medical staff refused to provide pain medication prescribed by an outside specialist. *Compare Snow v. McDaniel*, 681 F.3d 978, 987-88 (9th Cir. 2012) (denying summary judgment after finding that the record raised a triable issue of fact where non-treating, non-specialist physicians disregarded the consistent recommendation of two outside specialists over a period of three years), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014).  On or about July 18, 2011, PA Klenke advised Dr. Rieger's staff that Mr. Sherman still was reporting "a significant amount of pain and difficulty with stools."  In that same telephone call, Defendant Klenke stated that Mr. Sherman wanted Dr. Rieger to appeal the surgery denial.  On August 16, 2011, Defendant Klenke submitted a second Consultation Report Form in which he acknowledged that Mr. Sherman was reporting "significant pain/difficult w/urination and bowel movements."  When Dr. Rieger saw Mr. Sherman on September 29, 2011, Plaintiff reportedly "complained of increased pain."  Notwithstanding Mr. Sherman's complaints, Dr. Rieger did not recommend that he receive any pain medications.

not asserted "if a prisoner's complaint is directed at the wisdom or quality of the medical care he received in prison, even if that treatment is so negligent as to amount to medical malpractice").

Even when construed in a light most favorable to the Plaintiff, the allegations in the First Claim and the evidence presented by the parties reveals a dispute over the adequacy or appropriateness of prescribed palliative care. That dispute does not rise to the level of an Eighth Amendment violation. *See, e.g., Feder v. Sposato*, 2014 WL 1801137, at *9 ("[t]he failure to provide stronger pain medication does not constitute deliberate indifference"); *Jacobs v. McVea*, Civ. No. 14-552, 2014 WL 2894286, at *7 (E. D. La. June 25, 2014) ("While it is evident that plaintiff was unhappy with the over-the-counter pain medication, a prisoner has no right to be prescribed a particular medication for pain, and the fact that he disagrees with the prison medical staff concerning which pain medication is appropriate is not actionable under § 1983"); *Womack v. Bakewell*, No. 10-cv-2778-DEB, 2013 WL 3148467, at *9 (E.D. Cal. June 19, 2013 (held that plaintiff's disagreement with defendants about the type and strength of his pain medication did not reflect a conscious disregard of plaintiff's serious medical needs; plaintiff's preference for stronger medication "represents precisely the type of difference between a lay prisoner and medical personnel that is insufficient to establish a constitutional violation"); *Gibson-Riggs v. Grant County Detention Center*, Civ. No. 05-148-DLB, 2010 WL 1050071, at *6-7 (E.D. Ky. March 18, 2010) (in granting defendants' motion for summary judgment, held that plaintiffs' allegations that they did not receive their preferred medications "sounds in negligence, which is not actionable under § 1983;" concluded that plaintiffs' claims amounted to nothing more than a disagreement with the course of treatment they received).

I acknowledge that attached to Mr. Sherman's Response are grievances and affidavits provided by other inmates. In providing these materials, Mr. Sherman contends that "Klenke simply turned a cold shoulder to the plaintiff's suffering, and has seemingly done so with other inmates as well." *See*

Plaintiff's Response, at 15.  The court understands that other inmates have criticized the manner in which Defendant Klenke responded to their reports of pain or requests for pain medication.

Under Rule 56, a non-moving party must rely upon admissible evidence to establish a genuine issue of material fact.  Rule 404(b)(1) excludes evidence of a person's character or character trait to prove that on a particular occasion the person acted in accordance with that character or trait.  *See* Fed. R. Evid. 404(b).  *Cf. Guarantee Insurance Co. v. Brand Management Service, Inc.*, No. 12-61670-CIV, 2013 WL 6728177, at *2 (S.D. Fla. Dec. 20, 2013) (in ruling on a pending motion for summary judgment, the court refused to consider evidence of defendant's prior involvement with an unrelated litigant and separate contract; held that this was "pure propensity evidence" prohibited by Rule 404(b)); *Lee v. Louisville Metro Department of Corrections*, Civ. No. 11CV-P544-M, 2013 WL 5447766, at *4 (W.D. Ky. Sept. 30, 2013) (on a motion for summary judgment, held that the "similar acts" evidence proffered by plaintiff was being used to prove the defendant's "character" and was prohibited under Rule 404(b)).  Mr. Sherman cannot prove that PA Klenke was deliberately indifferent to his particular medical condition by showing that Defendant Klenke did not authorize pain for inmates under circumstances that may bear little, if any, similarity to Mr. Sherman's hernia.  At best, those inmate grievances and affidavits suggest other occasions where a medical practitioner and patient disagreed over a particular course of treatment.  *Cf. Ortiz v. Reynolds*, No. 10-cv-1380 MCE EFB, 2013 WL 246858, at *2 (E.D. Cal. Jan. 22, 2013) (plaintiff-inmate alleged that the defendant physician's assistant denied him adequate medical care; in response to defendant's motion for summary judgment, plaintiff offered declarations from two fellow inmates who claimed similar experiences with the defendant; held that the inmates were not qualified to offer medical opinions and their lay testimony was only marginally relevant).  Mr. Sherman's inmate affidavits will not suffice to defeat Defendant Klenke's motion for summary judgment.  "Only disputes over facts that might affect

the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248.

Based upon the evidence presented by the parties, I do not find that Mr. Sherman has presented a genuine issue of material fact under the subjective prong of the Eighth Amendment. Accordingly, I recommend that judgment be entered in favor of Defendant Klenke on the First Claim of the Fourth Amended Complaint.

C.      *The Claim Against Defendant Montoya*

In his Second Claim, Mr. Sherman argues that Ms. Montoya, as a supervisor, was deliberately indifferent in violation of his Eighth Amendment rights by allowing Defendant Klenke "to continue an inadequate course of treatment which was obviously having no effect,"  by "not responding to [Mr. Sherman's] pleas for help," or by denying or ignoring his "repeated requests to be treated by another PA within the same clinic."  Essentially, Plaintiff contends that "as the Health Services Administrator" who had "the ultimate responsibility and duty of ensuring that all inmate patients received adequate medical care," Defendant Montoya violated his rights by failing to take reasonable steps to abate Defendant Klenke's unconstitutional conduct.

Given my recommendation regarding Claim One, the separate claim against Defendant Montoya also must be dismissed.[13]  To the extent that Mr. Sherman is basing the Second Claim on Ms. Montoya's alleged failure to exercise her supervisory authority, that claim cannot survive in the absence of an underlying constitutional violation by the subordinate employee.  *See Gray v. University*

---

[13]Because the court is recommending dismissal of the Second Claim on substantive grounds, the court need not reach Defendant Montoya's exhaustion argument.

*of Colorado Hospital Authority*, 672 F.3d 909, 919 n. 7 (10th Cir. 2012) and cases cited therein.  To establish supervisory liability, a plaintiff must come forward with evidence that establishes an affirmative link between the supervisor and the underlying constitutional violation.  *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010).  It necessarily follows that supervisory liability is contingent upon a finding of liability by the subordinate.  *Martinez v. Beggs*, 563 F.3d 1082, 1092 (10th Cir. 2009) (defendant could not be found liable under a theory of supervisory liability "when there was no violation of [plaintiff's] constitutional rights").

It is undisputed that Defendant Montoya did not personally provide medical treatment to patients, was not involved in treatment decisions made by clinical medical providers at FCF, and was not qualified or authorized to issue medication prescriptions or change any prescriptions issued by clinical medical staff.  *See* Defendants' Statement of Material Facts, at ¶¶ 65 and 66, and Plaintiff's Response, at 4.  Although Ms. Montoya held the title of Health Services Administrator at the FCF and was responsible for the administration and operations of the medical clinic, Mr. Sherman concedes that she did not have the authority to override decisions regarding pain medication that were the product of medical judgment.  *Cf. Kneen v. Zavaras*, Civ. No. 10-cv-1284-RBJ-MEH, 2012 WL 5493854, at *11(D. Colo. Nov. 12, 2013) (Health Services Administrator "not qualified to override a treating doctor's decisions that implement the exercise of medical judgment.").  Defendant Montoya was not deliberately indifferent to Mr. Sherman's condition simply because she declined to override Defendant Klenke's medication decisions.  *Cf. Wall v. Dauphin County*, 167 F. App'x 309, at *2  (3rd Cir. 2006) ("[i]f a prisoner is under the care of medical experts, a non-medical prison official will generally be justified in believing that the prisoner is in capable hands"); *Heard*, 148 F. App'x at 540-41 (noting that jail administrators "are generally entitled to rely on the judgment of medical professionals because the question of whether a particular medical treatment is warranted is a 'classic example of a matter for

medical judgment.'").

Mr. Sherman also contends that Ms. Montoya violated his Eighth Amendment rights by failing to honor his request for a different medical practitioner.  "While a prisoner/detainee is guaranteed a certain level of medical treatment, he is not guaranteed his choice of doctor."  *Brisco v. Department of Corrections*, No.070cv-0320 AWI WMW, 2009 WL 900721, at *4 (E.D. Cal. March 31, 2009).  *See also Brownlow v. Chavez*, 871 F. Supp. 1061, 1064 (S.D. Ind. 1994) (noting that the Eighth Amendment does not guarantee a prisoner's choice of a physician).  In the absence of any underlying constitutional violation by PA Klenke, Ms. Montoya cannot be liable under the Eighth Amendment for exercising her administrative authority in making staffing decisions.

## CONCLUSION

For the foregoing reasons, I recommend that Defendants' Motion for Summary Judgment (doc. # 146) be GRANTED and that judgment be entered in favor of Defendants William Klenke and Dolores Montoya.

**Advisement to the Parties**

Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa,*

*Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

　　　　DATED this 15th day of July, 2014.

　　　　　　　　　　　　　BY THE COURT:


　　　　　　　　　　　　　  s/ Craig B. Shaffer
　　　　　　　　　　　　　United States Magistrate Judge