IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-03091-PAB-CBS

MATTHEW RYAN SHERMAN

      Plaintiff,

v.

WILLIAM KLENKE, N.P., and
DOLORES MONTOYA, H.S.A.,

      Defendants.

---

## ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 163] issued on July 15, 2014. The magistrate judge recommends that the Court grant the Motion for Summary Judgment [Docket No. 146] filed by defendants William Klenke and Dolores Montoya. Plaintiff Matthew Ryan Sherman filed timely objections [Docket No. 166] to the Recommendation.  Therefore, the Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to."[1]  Fed. R. Civ. P. 72(b)(3).

---

[1]In light of plaintiff's pro se status, the Court construes his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 n. 3 (10th Cir. 1991).

## I. ANALYSIS[2]

Plaintiff's only remaining claims assert violations of the Eighth Amendment. Plaintiff claims that Mr. Klenke acted with deliberate indifference by a refusal to "provide appropriate, adequate, effective pain medications" and a refusal to provide a "medical lay-in from work due to the severe pain."  Docket No. 92 at 7, ¶¶ 39-40.[3]  Plaintiff claims that Ms. Montoya acted with deliberate indifference because she had actual knowledge that plaintiff was suffering "debilitating pain," had a duty to ensure that Mr. Klenke provided plaintiff adequate care, but failed to render assistance or ensure that Mr. Klenke provided adequate treatment.  *Id.* at 7-9, ¶¶ 45, 51, 55.

"A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."  *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *see also Helling v. McKinney*, 509 U.S. 25, 33 (1993) ("The Eighth Amendment, as we have said, requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety.'") (citing *DeShaney v. Winnebago County Dep't of Social Servs.*, 489 U.S. 189, 199 (1989)).  "The analysis [of an Eighth Amendment claim] should not be based on 'a court's idea of how best to operate a detention facility,'" but

---

[2]The relevant facts are set forth at length in the Recommendation.  Docket No. 163 at 9-15.  Plaintiff does not dispute the magistrate judge's identification of undisputed facts, merely their application to relevant legal doctrine.  *See generally* Docket No. 166.  As such, the facts will not be restated here except as relevant to resolving the instant motion.

[3]Although the Fourth Amended Complaint contains an allegation that plaintiff's condition worsened while working such that he attempted to be seen by Mr. Klenke on an emergency basis, Docket No. 92 at 7, ¶ 42, plaintiff admits that his claim against Mr. Klenke consists only of the allegation that "Mr. Klenke failed to provide adequate pain relief."  Docket No. 166 at 6.

should reflect "the evolving standards of decency that mark the progress of a maturing society," which the Tenth Circuit has characterized as a "lofty standard." *DeSpain v. Uphoff*, 264 F.3d 965, 973-74 (10th Cir. 2001) (citing *Rhodes v. Chapman*, 452 U.S. 337, 351 (1981)).  To prevail on his claim that Mr. Klenke violated the Eighth Amendment, plaintiff must show that (1) objectively, the harm he complains of is sufficiently "serious" to merit constitutional protection and (2) defendants were subjectively aware of a substantial risk to plaintiff's health or safety and acted in purposeful disregard of that risk.  *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009).

   For the purposes of resolving this motion the Court, like the magistrate judge, assumes that the objective element has been satisfied and therefore turns to the subjective element.  The Eighth Amendment does not reach a prison official's conduct unless the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837; *see also Verdecia v. Adams*, 327 F.3d 1171, 1175-76 (10th Cir. 2003) ("Deliberate indifference requires that the defendant's conduct is in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow, or that the conduct disregards a known or obvious risk that is very likely to result in the violation of a prisoner's constitutional rights." (internal citations omitted)).  An action unaccompanied by a subjective awareness of an unreasonable risk of harm does not constitute "punishment" within the meaning of the Eighth Amendment. *Farmer*, 511

3

U.S. at 837-38.  A court "may infer the existence of this subjective state of mind from the fact that the risk of harm is obvious." *Hope v. Pelzer*, 536 U.S. 730, 738 (2002); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.").[4]  However, even if the risk of harm is obvious, the inquiry does not end.  "If a prison doctor, for example, responds to an obvious risk with treatment that is patently unreasonable, a jury may infer conscious disregard." *Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006).  "But where a doctor orders treatment consistent with the symptoms presented and then continues to monitor the patient's condition, an inference of deliberate indifference is unwarranted under our case law." *Id.* at 1232-33.  The negligent conduct of a prison official is, in all cases, insufficient to rise to the level of deliberate indifference.  *Farmer*, 511 U.S. at 835 ("Eighth Amendment liability requires more than ordinary lack of due care for the prisoner's interests or safety" (quotations omitted)).

### A.  Plaintiff's Claim Against Mr. Klenke

With respect to plaintiff's claim against Mr. Klenke, the Recommendation concluded that plaintiff failed to present a genuine issue of material fact with respect to the subjective element of the Eighth Amendment test for deliberate indifference.  Docket No. 163 at 22.  Plaintiff objects to the Recommendation's conclusion on multiple grounds.

---

[4]A prison official must be subjectively aware of the specific harm claimed by the prisoner and not simply aware that harm, in a general sense, could occur. *Martinez*, 563 F.3d at 1089.

4

Plaintiff first claims that the magistrate judge drew an improper inference from that fact that Dr. Rieger did not recommend that plaintiff receive any pre-operative pain medication and the fact that Dr. Rieger did not recommend emergency surgery.  Docket No. 166 at 2.  Plaintiff argues that the fact that Dr. Rieger did not recommend pain medication does not diminish Mr. Klenke's duty to treat plaintiff's pain.  *Id.*  Plaintiff is correct to a point.  However, if Dr. Rieger had instead recommended pain medication and Mr. Klenke did not alter his treatment, such inaction, as noted in the Recommendation, may support a inference that Mr. Klenke acted with conscious disregard.  Docket No. 163 at 19 n.12 (citing *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (holding that plaintiff raised inference that defendants acted with deliberate indifference where record showed that officials ignored recommendations of specialists and treating physicians)*, overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014)).  The fact that Dr. Rieger made no such recommendation does not call into question Mr. Klenke's treatment of plaintiff's pain.  Plaintiff claims that the fact that his condition did not require emergency surgery does not suggest that his pain was in any way lessened and does not permit Mr. Klenke to act with deliberate indifference.  Docket No. 166 at 2.  Again, plaintiff is correct to a point, but plaintiff fails to identify where the magistrate judge made such an inference and the Court is unable to locate such an inference in its own review of the Recommendation.  To the contrary, the magistrate judge declined to discount plaintiff's claim of persistent and worsening pain and plaintiff's belief that his pain required "elevated or different types of medication."  Docket No. 163 at 18.  Thus, the Court finds no error in this aspect of the Recommendation.

Plaintiff next argues that the Recommendation erred in characterizing plaintiff's claim as a difference of opinion or disagreement over the proper course of treatment. Docket No. 166 at 3.  Plaintiff asserts that Mr. Klenke's treatment of plaintiff's pain was "completely ineffective" such that Mr. Klenke acted with deliberate indifference by continuing such treatment.  *Id.* at 4.  However, plaintiff fails to present expert testimony indicating that Mr. Klenke's treatment was completely ineffective or "patently unreasonable," *see Self v. Crum*, 439 F.3d at 1232, and such a conclusion cannot be inferred from the record.  The Recommendation concluded, and plaintiff does not dispute, that Mr. Klenke saw plaintiff 13 times between June 6, 2011 and October 24, 2011 and prescribed multiple medications in response to plaintiff's complaints of pain, increasing or decreasing dosages at various times.  Docket No. 163 at 18.  Thus, plaintiff's claim that Mr. Klenke failed to "give him something – anything – to alleviate his pain" is factually inaccurate.  *See* Docket No. 166 at 4.  Plaintiff argues that his frequent visits to Mr. Klenke show that Mr. Klenke knew of plaintiff's continued pain.  It is not disputed that Mr. Klenke was aware of plaintiff's complaints of continued pain, but this does not overcome plaintiff's failure to show that Mr. Klenke possessed the requisite state of mind.  Mr. Klenke does not admit to knowing that his treatment was completely ineffective and, as discussed above, the record contains insufficient evidence upon which to conclude that Mr. Klenke's treatment was so obviously and completely ineffective so as to infer that Mr. Klenke possessed such knowledge.  *See Heidtke v. Corr. Corp. of Am.*, 489 F. App'x 275, 281-82 (10th Cir. 2012) (unpublished) ("an Eighth Amendment deliberate indifference claim is actionable only where the need for . . . additional treatment is obvious").  The fact that Mr. Klenke saw plaintiff multiple times

6

and altered dosages of pain medication belies any claim that Mr. Klenke disregarded a

risk that his treatment was completely ineffective.  Even if Mr. Klenke should have been

aware that his treatment was completely ineffective, any "failure to alleviate a significant

risk that he should have perceived but did not, while no cause for commendation,

cannot under our cases be condemned as the infliction of punishment."  *Farmer*, 511

U.S. at 838.  Plaintiff's claim against Mr. Klenke is not meaningfully distinguishable from

*Rose v. Beckham*, 82 F. App'x 662 (10th Cir. 2003) (unpublished), where the plaintiff

claimed that "defendants were deliberately indifferent to his pain during the time interval

preceding surgery."  *Id.* at 665.  The Tenth Circuit noted that the plaintiff received pain

medications "on eighty-seven of the ninety-nine days he was incarcerated" and

determined that plaintiff's complaints were a "difference of opinion" with regard to the

ideal type or amount of pain medication, which was "simply [] insufficient to establish

[defendants] deliberate indifference to his medical needs."  *Id.*  Because plaintiff fails to

show that Mr. Klenke's treatment was patently unreasonable or that Mr. Klenke acted

with the requisite state of mind, plaintiff's claim consists of mere disagreement "with a

diagnosis or a prescribed course of treatment[, which] does not state a constitutional

violation."  *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999).  The

Court therefore finds no error in this aspect of the Recommendation.

This conclusion is not inconsistent with the cases plaintiff cites in his objection.

Plaintiff cites *Feder v. Sposato*, 2014 WL 1801137, at *9 (E.D.N.Y. May 7, 2014), for

the proposition that treatment must be adequate, arguing that pain medication that does

not alleviate pain cannot be adequate.  Docket No. 166 at 4.   However, as noted

above, plaintiff has failed to show that Mr. Klenke's care was so obviously inadequate that a jury could infer that Mr. Klenke acted with deliberate indifference. *See Self*, 439 F.3d at 1232 (holding that medical malpractice does not give rise to constitutional violation); *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000) (holding that medical professional's failure to "treat a serious medical condition properly" does not automatically constitute deliberate indifference).  Plaintiff also argues that *Womack v. Bakewell*, 2013 WL 3148467, at *9 (E.D. Cal. June 19, 2013), a case cited in the Recommendation, is factually distinguishable, which is not, by itself, a sufficient basis for the Court to conclude that the Recommendation erred.  Docket No. 166 at 5.  The fact that, during surgery, Dr. Rieger found a previously undiscovered cyst that may have been causing plaintiff additional pain is not relevant because there is no indication that Mr. Klenke knew about this cyst during his pre-operative treatment of plaintiff's pain or that such a risk was obvious.  Plaintiff cites multiple Seventh Circuit cases for the proposition that physicians are constitutionally "obligated not to persist in ineffective treatment."  Docket No. 166 at 5 (quoting *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011).  However, this does not alter the subjective element of the Eighth Amendment test, requiring plaintiff to show that medical personnel knew of a risk that treatment was ineffective and chose to disregard such a risk.  The fact that Mr. Klenke prescribed various medications and worked to secure surgery on plaintiff's hernia so as to put a permanent end to his pain does not suggest that Mr. Klenke knew his treatment was ineffective, but persisted with deliberate disregard.  *Cf. Johnson v. Doughty*, 433 F.3d 1001, 1014 (7th Cir. 2006) ("The record shows rather that Dr. McEntyre factored

8

Johnson's pain into his treatment decisions and, given his findings, he prescribed non-surgical remedies designed to alleviate Johnson's pain."). Plaintiff's citation to district court cases from outside the Tenth Circuit are not binding and do not otherwise provide a sufficient basis to conclude that plaintiff has satisfied the subjective element. *See* Docket No. 166 at 5-6. Plaintiff's objection on this point is overruled.

Plaintiff argues that the recommendation erred in finding inadmissible under Fed. R. Evid. 404(b) affidavits and grievances submitted by other prisoners which criticized Mr. Klenke's response to pain complaints and requests for pain medication. Docket No. 166 at 6. Plaintiff argues that these affidavits are not character or propensity evidence, but instead show that Mr. Klenke has a custom or practice of ignoring inmate complaints. *Id.* The Court "may consider only admissible evidence in ruling on a motion for summary judgment." *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Evidence that Mr. Klenke "ha[d] a custom[] or practice of ignoring inmate complaints of pain" when used to show that, on separate occasions, Mr. Klenke similarly ignored plaintiff's complaints is the very type of propensity evidence prohibited by Rule 404(b). *See Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*, 705 F. Supp. 2d 1265, 1268 (D.N.M. 2010) ("one cannot present evidence the relevance of which is based on the forbidden inference: the person did X in the past, therefore he probably has a propensity for doing X, and therefore he probably did X this time, too"). To the extent plaintiff attempts to invoke Fed. R. Evid 406, he fails to make the required foundational showing. Under

9

Rule 406, a party may present evidence of a person's habit for the purposes of proving that the person acted in conformity with that habit. Fed. R. Evid. 406. However, habit is established only upon a showing "regular practice of meeting a particular kind of situation with a certain type of conduct, or a reflex behavior in a specific set of circumstances." *Perrin v. Anderson*, 784 F.2d 1040, 1046 (10th Cir. 1986) (quotations omitted). The affidavits and grievances plaintiff provides do not establish the necessary foundation that other inmates posed the same situation as Mr. Sherman did so as to be admissible under Rule 406. For example, inmate Donald Reynolds sought treatment for degenerative disk disease and provides no indication of how many times he visited Mr. Klenke or what specific complaints the two discussed. Docket No. 155 at 68-70. Inmate Jesus Epps had back pain and similarly does not indicate the degree and frequency of his interactions with Mr. Klenke. *Id.* at 70-71. Moreover, because plaintiff is required to show that Mr. Klenke acted with deliberate indifference with respect to his treatment of plaintiff, the fact that other inmates believe that Mr. Klenke failed to adequately respond to their complaints of pain is of questionable relevance. The Court finds no error in this aspect of the Recommendation.

### B. Plaintiff's Claim Against Ms. Montoya

With respect to plaintiff's claim against Ms. Montoya, the Recommendation concluded that, because plaintiff failed to show that Mr. Klenke acted with deliberate indifference, his claim that Ms. Montoya, as Mr. Klenke's supervisor, was deliberately indifferent necessarily fails. Docket No. 163 at 22. Plaintiff does not object to this conclusion, but argues that his claim is against Ms. Montoya "in her capacity as a state prison official who was aware of [plaintiff's] excruciating pain, had the power to do

10

something about it and refused to do so." Docket No. 166 at 7. Specifically, plaintiff claims that Ms. Montoya should have questioned the propriety of Mr. Klenke's treatment and ordered that plaintiff receive a second opinion. *Id.* However, with respect to Ms. Montoya's involvement in Mr. Klenke's treatment, "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). It is undisputed that Ms. Montoya was not involved in treatment decisions made by clinic medical providers and that Ms. Montoya was not qualified to issue or change prescriptions. Docket No. 146 at 10, ¶¶ 65-66; Docket No. 155 at 4. Thus, plaintiff does not explain what ability, if any, Ms. Montoya had to dictate Mr. Klenke's treatment decisions or why, based upon the evidence in the record, Ms. Montoya was constitutionally required to question Mr. Klenke's medical decisions. *Cf. Witmer v. Powell*, 114 F. App'x 372, 374 (10th Cir. 2004) (unpublished) (rejecting claim that prison officials were liable for assigning plaintiff work duties in part because work duties were within the physical limitations imposed by physicians). *But see Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (holding that deliberate indifference can be manifested by non-medical prison officials "intentionally interfering with the treatment once prescribed"). Even if Ms. Montoya was required to intervene in some way, plaintiff fails, as discussed above, to identify sufficient evidence upon which to conclude that Mr. Klenke's treatment was obviously ineffective so as to infer that Ms. Montoya possessed the requisite state of mind. To the extent plaintiff claims that Ms. Montoya was required to secure a second opinion for plaintiff, plaintiff appears to argue that Ms. Montoya failed to fulfill her role as

a "gatekeeper for other medical personnel capable of treating the condition." *See*

*Sealock*, 218 F.3d at 1211.  However, plaintiff's claim fails unless he can show that Ms.

Montoya "delay[ed] or refus[ed] to fulfill that gatekeeper role due to deliberate

indifference." *Id.*  It is undisputed that Ms. Montoya had the authority to change a

patient's health care provider if it appeared as though the patient was not receiving

appropriate medical care.  Docket No. 146 at 10, ¶ 68.  However, Ms. Montoya does

not admit to knowing that Mr. Klenke's treatment of plaintiff's pain was inadequate and,

as discussed above, Mr. Klenke's care was not so patently unreasonable as to provide

a basis for inferring that Ms. Montoya possessed such knowledge.  Plaintiff's objection

identifies no other evidence upon which to conclude that Ms. Montoya failed to fulfill her

gatekeeper role.  Plaintiff has therefore failed to show that Ms. Montoya's actions rise to

the level of a constitutional violation.  *Cf. Self*, 439 F.3d at 1231 (holding that prison

official can be liable for "preventing an inmate from receiving medical treatment or

denying access to medical personnel capable of evaluating the inmate's condition").

Plaintiff's objection on this point is overruled.[5]

## II. CONCLUSION

For the foregoing reasons, it is

---

[5]Because neither party objects to the remaining aspects of the
Recommendation, the Court may review the remainder of the Recommendation under
any standard it deems appropriate.  *See Thomas v. Arn,* 474 U.S. 140, 150 (1985) ("[i]t
does not appear that Congress intended to require district court review of a magistrate's
factual or legal conclusions, under a *de novo* or any other standard, when neither party
objects to those findings").  The Court has reviewed the remaining aspects of the
Recommendation and is otherwise satisfied that there is "no clear error on the face of
the record."  Fed. R. Civ. P. 72(b), Advisory Committee Notes.

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket

No. 163] is **ACCEPTED**.  It is further

**ORDERED** that defendants' Motion for Summary Judgment [Docket No. 146] is

**GRANTED**.  It is further

**ORDERED** that this case is dismissed in its entirety.


DATED September 9, 2014.

                                        BY THE COURT:


                                         s/Philip A. Brimmer
                                        PHILIP A. BRIMMER
                                        United States District Judge