IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-03091-PAB-CBS

MATTHEW RYAN SHERMAN

    Plaintiff,

v.

WILLIAM KLENKE, N.P., and
DOLORES MONTOYA, H.S.A.,

    Defendants.

## ORDER

    This matter is before the Court on the Motion to Amend an Order Pursuant to F.R.C.P. Rule 59(e) [Docket No. 172] filed on October 3, 2014 by plaintiff Matthew Ryan Sherman. Plaintiff requests that the Court reconsider the portion of its September 9, 2014 order [Docket No. 167] dismissing plaintiff's claims against defendant William Klenke, N.P. Docket No. 172 at 1.

    A motion to reconsider a court's judgment filed within twenty-eight days of the entry of judgment is treated as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59. Fed. R. Civ. P. 59(e). Relief under Rule 59 is warranted where a party can show "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). New evidence can support a Rule 59 motion where the evidence is (1) newly discovered or (2) counsel made a diligent but unsuccessful attempt to discover the

evidence before the court issued the challenged ruling. *Monge v. RG Petro-Machinery (Grp.) Co. Ltd.*, 701 F.3d 598, 611 (10th Cir. 2012) (citation omitted). A decision or action by the Court constitutes "clear error" if it "appears to a reviewing court to have been unquestionably erroneous." Black's Law Dictionary 582 (8th ed. 2004). A Rule 59 motion may be granted "where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1012. The rule does not, however, afford a license to revisit arguments that were already addressed or to advance new arguments that could have been raised but were not. *Id.*

Plaintiff takes issue with following portion of the Court's order:

Plaintiff next argues that the Recommendation erred in characterizing plaintiff's claim as a difference of opinion or disagreement over the proper course of treatment. Docket No. 166 at 3. Plaintiff asserts that Mr. Klenke's treatment of plaintiff's pain was "completely ineffective" such that Mr. Klenke acted with deliberate indifference by continuing such treatment. *Id.* at 4. However, plaintiff fails to present expert testimony indicating that Mr. Klenke's treatment was completely ineffective or "patently unreasonable," *see Self v. Crum*, 439 F.3d at 1232, and such a conclusion cannot be inferred from the record. The Recommendation concluded, and plaintiff does not dispute, that Mr. Klenke saw plaintiff 13 times between June 6, 2011 and October 24, 2011 and prescribed multiple medications in response to plaintiff's complaints of pain, increasing or decreasing dosages at various times. Docket No. 163 at 18. Thus, plaintiff's claim that Mr. Klenke failed to "give him something – anything – to alleviate his pain" is factually inaccurate. *See* Docket No. 166 at 4. Plaintiff argues that his frequent visits to Mr. Klenke show that Mr. Klenke knew of plaintiff's continued pain. It is not disputed that Mr. Klenke was aware of plaintiff's complaints of continued pain, but this does not overcome plaintiff's failure to show that Mr. Klenke possessed the requisite state of mind. Mr. Klenke does not admit to knowing that his treatment was completely ineffective and, as discussed above, the record contains insufficient evidence upon which to conclude that Mr. Klenke's treatment was so obviously and completely ineffective so as to infer that Mr. Klenke possessed such knowledge. *See Heidtke v. Corr. Corp. of Am.*, 489 F. App'x 275, 281-82 (10th Cir. 2012) (unpublished) ("an Eighth Amendment deliberate indifference claim is actionable only where the need for . . . additional treatment is obvious"). The fact that Mr. Klenke saw

> plaintiff multiple times and altered dosages of pain medication belies any claim that Mr. Klenke disregarded a risk that his treatment was completely ineffective. Even if Mr. Klenke should have been aware that his treatment was completely ineffective, any "failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838. Plaintiff's claim against Mr. Klenke is not meaningfully distinguishable from *Rose v. Beckham*, 82 F. App'x 662 (10th Cir. 2003) (unpublished), where the plaintiff claimed that "defendants were deliberately indifferent to his pain during the time interval preceding surgery." *Id.* at 665. The Tenth Circuit noted that the plaintiff received pain medications "on eighty-seven of the ninety-nine days he was incarcerated" and determined that plaintiff's complaints were a "difference of opinion" with regard to the ideal type or amount of pain medication, which was "simply [] insufficient to establish [defendants] deliberate indifference to his medical needs." *Id.* Because plaintiff fails to show that Mr. Klenke's treatment was patently unreasonable or that Mr. Klenke acted with the requisite state of mind, plaintiff's claim consists of mere disagreement "with a diagnosis or a prescribed course of treatment[, which] does not state a constitutional violation." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999). The Court therefore finds no error in this aspect of the Recommendation.

Docket No. 167 at 6-7.

Plaintiff first contends that the Court misinterpreted the facts. Plaintiff argues that he was only provided with Motrin during the relevant time period, which he claims was so ineffective as to constitute no treatment at all. Docket No. 172 at 2. Plaintiff states that, "[w]hen it was obvious that the pain medication was not working, especially with continued monitoring, failing to do something more not only infers deliberate indifference, it screams it." *Id.* at 2-3. Plaintiff maintains that it was "abundantly obvious that Mr. Sherman was in a great deal of pain, that Motrin was not effective in relieving the pain," and that Mr. Klenke was callous in not giving plaintiff anything other than Motrin. *Id.* at 3. Plaintiff advanced these same arguments in his objection to the Recommendation and it is not therefore appropriate to revisit them here. *See Servants*

*of the Paraclete*, 204 F.3d at 1012. Moreover, as the Court has previously stated, "failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer v. Brennan*, 511 U.S. 825, 838 (1994).

Plaintiff next argues that the Court erred in concluding that he failed to establish that Mr. Klenke's treatment was patently unreasonable. Docket No. 172 at 4. Plaintiff contends that the Eighth Amendment does not allow "a prison medical professional to ignore repeated complaints of excruciating pain," *id.*, which is little more than an invitation to revisit the arguments plaintiff raised in his objection. *See Servants of the Paraclete*, 204 F.3d at 1012. Plaintiff's contention may be correct as a general proposition, but it is not an accurate characterization of the facts in this case, where Mr. Klenke saw plaintiff regularly during the relevant time period. Plaintiff may disagree with how Mr. Klenke chose to address his complaints of pain, but such a disagreement does not establish an Eighth Amendment violation. *See Rose v. Beckham*, 82 F. App'x 662 (10th Cir. 2003) (unpublished).

For the foregoing reasons, it is

**ORDERED** that the Motion to Amend an Order Pursuant to F.R.C.P. Rule 59(e) [Docket No. 172] is **DENIED**.

DATED September 14, 2015.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge